UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

APRIL GRIFFIN,
        Petitioner,

    v.                                                                 Case No. 10C0244

DAVID A CLARKE, JR.,
and JB VAN HOLLEN,
        Respondents.

## ORDER

Pro se petitioner April Griffin seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. She challenges her pretrial detention in the Milwaukee County Correctional Facility. On behalf of her child, she also challenges a state court's decision to award custody of the child to the child's father.[1]

I must give the case prompt initial consideration.

If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.]

---

[1]In recent months, petitioner has filed a number of unintelligible and/or meritless § 2241 petitions. See Griffin v. Clarke, No. 08C0869, 2008 U.S. Dist. LEXIS 87213 (E.D. Wis. Oct. 21, 2008); Griffin v. Clarke, No. 09C0306, slip op. (E.D. Wis. July 27, 2009); Griffin v. Clarke, No. 09C1115, 2009 U.S. Dist. LEXIS 120574 (E.D. Wis. Dec. 4, 2009).

Rule 4, Rules Governing § 2254 Cases.[2] During the initial review, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

I will dismiss the petition because I lack jurisdiction over petitioner's claims regarding her son and because her own claims are moot. As a pro se litigant, she has no standing to bring an action on behalf of her son as a "next friend." Griffin v. Milwaukee County, No. 09-3920, 2010 U.S. App. LEXIS 6781, at *4-5 n.1 (7th Cir. Apr. 1, 2010). In addition, her son is not in state custody and therefore for purposes of § 2241, is not "in custody." See Id.; 28 U.S.C. § 2241(c). Also, petitioner may not utilize § 2241 to relitigate her own custody rights. See Lehman v. Lycoming County Children's Servs. Agency, 458 U.S. 502, 510-12 (1982).

As for petitioner's claim challenging her pretrial detention, review of the Milwaukee County Circuit Court docket (case No. 08CF004945) indicates that petitioner recently pleaded no contest to the charges against her and was sentenced to time served and released. Under Green v. Warden, U.S. Penitentiary, 699 F.2d 364, 369 (7th Cir.1983), I may take notice of these proceedings. Petitioner's release moots her challenge to the legality of her pretrial detention. This is so because there is no relief to which petitioner can be afforded. See Spencer v. Kemna, 523 U.S. 1, 7 (1998) (petition is moot if it no longer presents a case or controversy to which a court can grant any effective relief).

Therefore, for the reasons stated,

**IT IS ORDERED** that the petition for writ of habeas corpus is **DISMISSED**.

---

[2] Rule 1(b) of the Rules Governing § 2254 provides that a "district court may apply any or all of these rules to a habeas corpus petition not [under § 2254]."

Dated at Milwaukee, Wisconsin this 19 day of May, 2010.

/s_____
LYNN ADELMAN
District Judge