**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**APRIL GRIFFIN,**
        **Petitioner,**

     **v.**                                                                              **Case No. 10C0244**

**DAVID A. CLARKE, Jr.,**
**and J.B. VAN HOLLEN,**
        **Respondents.**

---

## ORDER

Petitioner April Griffin filed this habeas petition under 28 U.S.C. § 2241 to challenge her pre-trial detention and a state court decision regarding custody of her son. Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I dismissed the petition because I lacked jurisdiction over petitioner's claims regarding her son and because her own claims were mooted by her release following a no contest plea. See § 2254 Rule 1(1 b). Petitioner now moves for relief from judgment under Fed. R. Civ. P. 60(b) and asks that I recuse myself.[1]

Petitioner's motion for recusal is unsupported and lacks legal merit. See Liteky v. United States, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"). Additionally, petitioner has not presented any newly discovered evidence nor raised any basis requiring further consideration of the dismissal. Finally, petitioner states that she did not receive notice of entry of judgment and only learned of it when informed by a third party. I will construe this as a timely request

---

[1] She also requests that I issue an order confiscating her son's passport to prevent his father from taking him out of the country, however, there is no basis under which I could do so.

under Fed. R. App. P. 4(a)(6) to reopen the time to file an appeal, but exercise my discretion to deny it. The pursuit of an appeal would be an exercise in futility because no relief can be afforded to the moot petition.[2] Furthermore, as petitioner's failure to notify the court of her new address impeded the clerk's ability to notify her of judgment, I do not believe reopening the time to file appeal is warranted. See generally Snyder v. Nolen, 380 F.3d 279, 285 (7th Cir. 2004) (prisoner litigants bear the burden of filing notice of a change of address).

**IT IS THEREFORE ORDERED** that the motion for relief from judgment is **DENIED**.

Dated at Milwaukee, Wisconsin, this 24 day of September, 2010.

/s_____
LYNN ADELMAN
District Judge

---

[2] It would be improper to convert the § 2241 petition challenging pretrial detention as one falling under § 2254 challenging the collateral consequences of conviction. Petitioner has yet to exhaust the available state court remedies to challenge her recent conviction. Furthermore, it would also create potentially prejudicial consequences under § 2244(b).